# IN THE COURT OF APPEALS OF IOWA

_____

No. 26-0416
Filed April 29, 2026

_____

**In the Interest of K.S., Minor Child,**

**A.H., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Benton County,
The Honorable Carrie K. Bryner, Judge.

_____

**AFFIRMED**

_____

Rebecca Williams, Cedar Rapids, attorney for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney
General, attorneys for appellee State.

Annette F. Martin, Cedar Rapids, attorney and guardian ad litem
for minor child.

_____

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of a child born in 2024. Only the mother appeals. She contends the State failed to prove a statutory ground for termination, an exception applies to prevent termination, and she should be given an additional time to work toward reunification.

## I.  Standard and Process of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). We are not bound by the juvenile court's fact findings, but we give them respectful consideration, especially when assessing the credibility of witnesses. *Id.*

Our review follows a three-step process of determining whether statutory grounds for termination exist, whether termination is in the child's best interests, and whether an exception should apply to prevent termination. *Id.* at 294. We do not address any step not challenged on appeal. *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc). After addressing all challenged steps, we address any other challenges the parent raises. *Id.*

## II.  Analysis

We address each issue raised by the mother in turn.

### A.  Statutory Ground for Termination

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2025). That section permits termination if the State proves (1) the child is three years old or younger; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the parent's custody for at least six of the last twelve months or for the last

six consecutive months without a trial period at home of thirty days or more; and (4) the child cannot be returned to the custody of the parent at the present time.  Iowa Code § 232.116(1)(h).

The mother only challenges the last element—whether there is clear and convincing evidence that the child could not be returned to her custody at the time of the termination hearing.  *See L.A.*, 20 N.W.3d at 532–33 (recognizing that "at the present time" as used in section 232.116(1)(h)(4) means at the time of the termination hearing).  This element is satisfied if the child cannot be safely returned to the parent's custody.  *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018).

To assess whether the child could be returned to the mother's custody at the time of the termination trial, we provide some factual background.  Juvenile court involvement with this child began shortly after the child's birth, when both the mother and child tested positive for methamphetamine.  The child was removed from the mother's custody as a result and placed in the custody of the Iowa Department of Health and Human Services.  As both parents had methamphetamine issues, the child was later adjudicated as a child in need of assistance (CINA) and remained in the department's custody.  The department placed the child with the child's maternal grandmother.

Since removal, the mother made great progress.  She obtained a substance-use evaluation, successfully completed recommended treatment, consistently submitted to drug testing, and tested negative for drugs each time.  She also took advantage of visits with the child, including extra visits.

Unfortunately, the same cannot be said of the father.  Despite admitting that he had a twenty-five-year history of methamphetamine use,

the father delayed getting a substance-use evaluation and was generally uncooperative with services. He missed several drug tests, and when he did test, he tested positive for methamphetamine the vast majority of the time.

The father's problems are relevant to the mother because she maintained her relationship and cohabited with him throughout the CINA proceeding, including at the time of the termination trial. Throughout the CINA proceeding, the mother was repeatedly informed that if she continued to live with the father while he continued to use methamphetamine, then the child could not be returned to her custody. Despite these warnings and her knowledge of the father's failure to engage with services and stop using methamphetamine, the mother chose to maintain the relationship with the father. Following our de novo review, we agree with these findings of the juvenile court, as they accurately sum up the problem:

> While the mother did successfully complete substance use treatment and produced negative drug testing results, she chose her relationship with the father over her daughter. She remained with the father for the entire case, knowing that he was not sober and not engaging in services. She fully understood that his lack of engagement would severely impact her ability to progress in this case and chose to stay with him. Her relationship with [the father] impacted her custodial rights with her older child[1] and she still remained with him. The father, due to his methamphetamine use, is not a safe parent and the home is not safe for the child. The court finds the child cannot be returned to the care of her parents at this time without being a [CINA]. Therefore, the court finds that the State proved by clear and convincing evidence that the parents' parental rights as to the child should be terminated pursuant to Iowa Code section 232.116(1)(h).

---

[1] The mother has an older child with another man. That child was also subject to a CINA proceeding, during which the mother was involved in a relationship with the father of the child that is the subject of this appeal. The CINA case for the older child ended with a bridge order placing custody of the child with the child's father largely due to the methamphetamine use of the mother and the father in this case.

We recognize that the road to termination of the mother's rights was paved with the father's shortcomings. But when the mother chose to stay in a relationship with a partner who poses a safety risk to the child, that choice meant that the child could not be safely returned to the mother's custody. *See In re C.M.*, No. 25-1836, 2026 WL 221762, at \*2 (Iowa Ct. App. Jan. 28, 2026) (affirming termination of a mother's parental rights when she failed to separate herself from the abusive father). This outcome is not intended to punish the mother, as it is not the purpose of juvenile law to punish a parent. Rather, the purpose of juvenile law is to make sure the child is in a safe home. *See id.*

Because the child could not be safely returned to the mother's custody given her cohabitation and ongoing relationship with the father who continues to use methamphetamine, the State established a statutory ground for termination under section 232.116(1)(h).

## B.    Exception to Termination

The mother also argues the court erred by declining to apply the statutory exception to termination found in section 232.116(3)(c). That section permits the court to deny termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

It is the mother's burden to prove applicability of this permissive exception. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). In determining whether section 232.116(3)(c) applies, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's]

developing needs." *In re R.M.-V.*, 13 N.W.3d 620, 627 (Iowa Ct. App. 2024) (quoting *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010)).

Following our de novo review, we find the mother failed to meet her burden of proof. While we agree with the mother that a bond exists between her and the child, the bond alone is not sufficient, as the mother is required to prove the child will be disadvantaged by termination. *See D.W.*, 791 N.W.2d at 709. The mother points to no evidence of disadvantage to the child. And we note that the child has been out of the mother's custody since the child left the hospital after her birth, which undermines the mother's claim of a strong bond. In short, the mother has not shown clear and convincing evidence that termination of the parent-child relationship would be detrimental to the child. As such, we decline to apply section 232.116(3)(c) to prevent termination.

### C.     Six-Month Extension

Lastly, the mother argues alternatively that we should grant her an additional six months to work toward reunification.[2] Such an extension is permitted by statute. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order under section 232.104 if it decides not to terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent additional time to work toward reunification). But we can grant such an extension only if we are able to identify "specific factors, conditions, or expected behavioral changes" that provide a basis for determining "that the need for removal of the child from the child's home

---

[2] The mother did not raise this issue in a separate heading or cite authority to support it in her petition on appeal, but we assume without deciding that the issue was adequately raised to invoke appellate review.

will no longer exist at the end of the additional six-month period." *See id*. § 232.104(2)(b).

Given the evidence that the mother has no intention of ending her relationship with the father and the father's long history of drug use, lack of participation in services, and failure to significantly progress toward sobriety, we find no evidence indicating the need for removal will no longer exist at the end of a six-month extension. *See id*. Therefore, we cannot grant the mother's request for a six-month extension to work toward reunification.

## III. Conclusion

Having rejected the mother's challenges on appeal, we affirm.

**AFFIRMED.**